Ross v. Donaldson, Sheriff, et al.

Filed April 9, 1890.

———————◆———————

No. 15,490.

ROSS v. DONALDSON, SHERIFF, ET AL.

SHERIFF'S SALE.—*Holder of Certificate.—Possession.—Injunction.*—The holder of a sheriff's certificate is not entitled to possession until one year from the date of its issue, and hence such holder, the year for redemption not having expired, is not entitled to maintain an action for injunction to restrain the execution by the sheriff of a writ of possession in favor of another person.

From the Cass Circuit Court.

*G. E. Ross*, for appellant.

*D. P. Baldwin*, for appellees.

BERKSHIRE, J.—The complaint was for an injunction. The appellees filed demurrers to the complaint, which the court sustained, and the appellant excepted, and the appellant hav-

ing refused to file an amended complaint the court rendered judgment against him for want of a complaint.

The complaint starts out by alleging that the appellant is the owner of the real estate, and entitled to the possession, and further alleges that he is in possession by his tenants, and that the appellee Donaldson holds an execution or writ of possession in favor of his co-appellee, and is threatening to eject the appellant's said tenants from said property by virtue of said writ, and will do so unless enjoined therefrom.

But the complaint goes on to allege the facts upon which the appellant's claim of ownership and his right to the possession depended, from which it appears that the title to the said real estate is in the said Henry J. Banta, and that the appellant holds a sheriff's certificate entitling him to a deed for said property in case there is no redemption from the sale recited in said certificate.

The sale was made and the certificate issued September 28th, 1889, and the appellant will not be entitled to a deed for one year from that date, and until he gets a deed he is not entitled to the possession. Section 767, R. S. 1881; *Johnson* v. *Briscoe*, 92 Ind. 367.

The pleading must be construed as a whole, and when so construed it appearing therefrom that the appellant is not the owner of the real estate, and not entitled to the possession, it is bad though it be conceded that some of the averments therein contained if they stood alone would state a good cause of action. *Keepfer* v. *Force*, 86 Ind. 81; *Ragsdale* v. *Mitchell*, 97 Ind. 458, and cases cited.

It does not become necessary to pass upon the other questions discussed.

Judgment affirmed, with costs, and the temporary injunction dissolved.

The clerk of this court will issue the proper mandate.

Filed April 10, 1890.