Bradshaw *v.* VanWinkle.

No. 16,068.

## BRADSHAW *v.* VANWINKLE.

ESTOPPEL.—*Answer by Way of.*—*Necessary Allegations.*—*Conveyance by Minor.* —*Representations as to Age.*—Where a minor conveys real estate, and on arriving at twenty one years of age disaffirms his deed and sells the same to another who brings suit to quiet his title to the land and have the deed made during minority declared void and set aside, and the defendant answers by way of estoppel, but does not allege that the minor made any representations as to his age, in connection with the sale, as an inducement for the defendant to purchase, upon which he relied, or that he was actually misled by his grantor, such answer, as an estoppel, is fatally defective.

STATUTE OF LIMITATIONS.—*Quieting Title.*—*Statute Applicable to.*—Actions to quiet title are governed by the fifteen years' statute of limitation, and not by the two years' statute.

PRACTICE.—*Overruling Demurrer to Bad Answer.*—*Effect where all Defenses are Admissible under General Denial.*—In an action where all defenses may be given in evidence under the general denial, yet if other answers setting up specific defenses are filed, which are clearly bad, and demurrers to the same are overruled, such action will constitute reversible error; the rule being that a judgment will be reversed for an error in overruling a demurrer to a bad answer, unless it affirmatively appears that such ruling was harmless. The theory that the answers are good is presumed to have been adhered to throughout the case.

From the Perry Circuit Court.

*E. E. Drumb* and *W. A. Lamb*, for appellant.

*R. M. Johnson* and *W. Henning*, for appellee.

OLDS, J.—This is an action brought by the appellant against the appellee to quiet the appellant's title to certain real estate described in the complaint.

The complaint is in two paragraphs. The first is in the usual form, alleging ownership in fee simple in the appellant, and that the appellee claims an interest therein adverse to the appellant, which claim is unfounded and without right, and casts a cloud upon appellant's title.

The second paragraph alleges a sale and conveyance,

while a minor, by one Richard E. VanWinkle, the owner of the land, to the appellee, Isaac N. VanWinkle, and that after he became twenty-one years old he disaffirmed the deed and sold and conveyed the same to the appellant.

Prayer to have the deed to appellee declared void and set aside, and appellant's title quieted.

Appellee answered in four paragraphs. The first paragraph is a general denial. A demurrer was addressed to each of the paragraphs of answer, except the first, and was overruled and exceptions reserved, and the ruling is assigned as error. The appellant filed a reply in denial, and the cause was tried by the court without the intervention of a jury, the trial resulting in favor of the appellee. The second paragraph of the answer alleges facts sufficient to make it good under section 2945, R. S. 1881. The third paragraph of answer is bad. It attempts to plead an estoppel, but it does not allege facts sufficient to make it a good paragraph for this purpose. It fails to allege that the grantor, Richard E. VanWinkle, made any representations as to his age in connection with the sale, and as an inducement for the appellee to purchase, upon which he relied. It is alleged that the grantor had sworn in court that he was of full age, but it does not even allege that the appellee was present and heard him so testify, or that he even had any knowledge that he had so testified at the time appellee purchased, or that appellee relied on the fact of his having heard him so testify. The paragraph is clearly defective.

The fourth paragraph pleads the two years statute of limitation. Counsel, in their brief, have not attempted to show what relation this statute has to an action of the character of the one at bar, and its application has not occurred to us.

This is an action to quiet title to real estate, and would not be barred in less than fifteen years. See *Eve* v. *Louis,*

91 Ind. 457. The paragraph of answer was bad, and the demurrer should have been sustained to it.

It is contended that this being an action to quiet title, all defenses might have been given in evidence under the general denial. Admitting this to be true, a defendant may file other answers pleading specific defenses, and having done so, and demurrers having been addressed to them, the court, in ruling upon the demurrers, necessarily held that the facts alleged in each paragraph of answer constituted a good defense to the action. It must be presumed that the court adhered to this ruling and theory throughout the case, and was governed by it in making its finding in the case.

The finding in this case is a general finding, and it does not affirmatively appear that no harm resulted to the appellant on account of such erroneous rulings, in the overruling of the demurrers to the third and fourth paragraphs of answer, the rule in such cases being that the judgment will be reversed for an error in the overruling of a demurrer to a bad answer, unless it affirmatively appears that such ruling is harmless. *Walling* v. *Burgess*, 122 Ind. 299. See also Elliott's Appellate Procedure, section 637, where the authorities are collected and cited.

Judgment reversed, with instructions to the circuit court to sustain the demurrer to each of the third and fourth paragraphs of answer.

Filed December 20, 1892.