Jewett v. Tomlinson.

Filed April 3, 1894.

16,745

JEWETT *v.* TOMLINSON.

SHERIFF'S SALE.—*Purchaser of Land.—Rights Acquired.—Lien.—Title.* —The purchaser at a sheriff's sale does not obtain the title to the land by the sale, for the title does not pass until the year for redemption expires and a deed is executed by the sheriff. Such purchaser has only a statutory lien, and his rights are only such as the lien created by the statute gives him.

SAME.—*Rents and Profits.—Redemption.*—The year for redemption runs the same on a sale of the rents and profits for a term of years as on the fee.

EJECTMENT.—*Purchaser of Junior Lien at Sheriff's Sale.—Right to Possession.—Senior Lien-Holder.*—The purchaser at a sheriff's sale of mortgaged premises, on a judgment lien junior to the mortgage, can not recover possession in ejectment of such premises from the mortgagee who is in possession under foreclosure of his mortgage and sale of the premises. The purchaser, under such junior lien, acquires only the right to redeem the premises by paying the senior or mortgage lien.

Jewett *v.* Tomlinson.

From the Clark Circuit Court.

*P. H. Jewett*, for appellant.

*H. A. Burtt* and *J. E. Taggart*, for appellee.

DAILEY, J.—The facts in this case are as follows: On the 18th day of October, 1882, one Merritt N. Hall was the owner in fee of the real estate described in the complaint, and on said day he executed a mortgage, his wife joining therein, to the appellee to secure a debt of $1,300. On the 14th day of April, 1887, one John C. Rapp recovered a judgment against said Hall and another in the Clark Circuit Court for $258, which became a lien on said real estate junior to said mortgage. On the 22d day of April, 1887, Rapp caused an execution to be issued on said judgment. On the 14th day of June, 1887, said execution was levied upon said real estate as the property of the mortgagor, Hall, and the same was duly advertised and sold on the 16th day of July, 1887, to the appellant for $91.60. The appellant paid the purchase-money, and the sheriff of Clark county, Indiana, on July 23d, 1887, executed to appellant a conveyance of said real estate, and on the 7th day of May, 1890, executed another conveyance of said real estate to appellant for a period of seven years. On the 7th day of October, 1887, the appellee commenced an action in the Clark Circuit Court against said Merritt N. Hall and wife to foreclose said mortgage, but the appellant was not a party to the suit. On the 20th day of October, 1887, appellee recovered a judgment against said Hall for the sum of $1,489.92, and for the foreclosure of said mortgage and sale of said real estate. On the 27th day of October, 1887, an order of sale was issued on said judgment, and on the 19th day of November, 1887, said real estate, after having been advertised as required by law, was sold to appellee for $1,561.55. On the 13th day of

December, 1888, the sheriff of said county executed to appellee a conveyance of said real estate. On the 8th day of July, 1888, said Hall and wife conveyed said real estate, by warranty deed, to the appellee. On the 11th day of February, 1891, the appellant filed in the office of the clerk of the Clark Circuit Court, being the county in which the real estate in controversy is situated, his complaint in ejectment against the appellee and for damages for the alleged unlawful detention thereof. On March 25th, 1891, the appellee filed her answer in general denial thereto. Upon the issues thus joined the cause was submitted to the court for trial without the intervention of a jury, and at the request of the plaintiff the court made a special finding of facts, with the conclusion of law thereon that the plaintiff was not entitled to recover; to which conclusion of law the plaintiff excepted, and from the judgment rendered prosecutes this appeal and specifies as the only error that "the court erred in its conclusion of law." At the time of the commencement of this suit the appellee was in possession of the real estate in litigation, claiming it as her own.

At the time of the commencement of the action to foreclose appellee's mortgage, appellant had no interest in the real estate in controversy, except a lien thereon by virtue of his purchase from the sheriff under the execution issued on the judgment against Hall and in favor of Rapp. The purchaser at a sheriff's sale does not obtain the title to the land by the sale, for the title does not pass until the year for redemption expires and a deed is executed by the sheriff. Such purchaser has only a statutory lien. His rights are such only as the lien created by the statute gives him. He has no title to the land, but only such privileges as the statute creates. The extent and effect of the rights are measured and

limited by the statute.  *Shirk* v. *Thomas*, 121 Ind. 147 (149) and cases cited.

The holder of a sheriff's certificate is not the owner, nor entitled to possession until the year for redemption expires.  *Ross* v. *Donaldson, Sheriff*, 123 Ind. 238.

The owner of such certificate remains the holder of a lien, and a lien only.  *Robertson* v. *Van Cleave*, 129 Ind. 217 (227).

And the fact that the appellant bought the real estate sought to be recovered for a term of years, does not change the rule, as the year for redemption runs just the same on a sale of the rents and profits for a term of years as on a sale of the fee.  A purchaser at a sheriff's sale of the rents and profits of lands has no right to possession until the year for redemption expires.  *Johnson* v. *Briscoe*, 92 Ind. 367; *Ragsdale* v. *Mathes*, 52 Ind. 495.

Appellant was, as we have shown, at the time of the commencement of the action to foreclose appellee's mortgage, only the holder of a lien on said real estate, which was subsequent and junior to appellee's said mortgage; and appellant was not a necessary party to said proceeding.  *Meredith* v. *Lackey*, 16 Ind. 1; *Harris* v. *Harlan*, 14 Ind. 439; *Meredith* v. *Lackey*, 14 Ind. 529, and cases cited.

The only effect of the failure of appellee to make appellant a party to the action to foreclose her said mortgage, was that appellant's right of redemption was not barred or foreclosed, and the appellant, therefore, was not limited to one year's time in which to redeem.  The only right the appellant has in said real estate is the equitable right of redemption.  *Coombs* v. *Carr*, 55 Ind. 303; *Nesbit* v. *Hanway*, 87 Ind. 400; *Robertson* v. *Van Cleave, supra*.

"Nor can a purchaser, at a sale on a judgment against the mortgagor, recover the possession from the mortgagee

in ejectment. *The only right the purchaser acquires in such a case is to redeem the premises by paying the mortgage.''* Boone on Mortgages, section 118.

The appellant insists that any interest in, or claim upon, said real estate, that appellee held by virtue of her mortgage, was merged in the fee by the deed of Hall and wife to the appellee, executed July 8, 1888.

We think there is nothing in this contention. Equity will consider incumbrances as in force, if the ends of justice can be thereby attained. *Lowrey* v. *Byers*, 80 Ind. 443; *Troost* v. *Davis, Sheriff*, 31 Ind. 34; *Howe* v. *Woodruff*, 12 Ind. 214.

The technical doctrine of merger is never allowed force where it would operate inequitably by unjustly divesting a superior, and letting in a subordinate, lien. *Hewitt* v. *Powers*, 84 Ind. 295 (299), and cases cited.

Even when the fee in the mortgaged property has been vested in the mortgagee by a conveyance from the mortgagor, and the mortgage has been released, it will still be upheld whenever it is for the interest of the mortgagee, by reason of some intervening title or other cause, that it should not be regarded as merged. *Hanlon* v. *Doherty*, 109 Ind. 37.

The equities of the case at bar are with the appellee. She has the senior claim, and it should be first paid. If the property is not of sufficient value to pay both appellee and appellant, the former, having the senior claim, should be paid first. If it is of sufficient value to pay both, then appellant can redeem and satisfy his claim out of the property.

There is another reason why the appellant can not recover in this action. As to him, the appellee was a senior mortgagee, lawfully and peaceably in possession of the mortgaged premises, after default.

Conceding all appellant claims, he had no greater

right in said real estate than Hall had prior to the rendition of the judgment of Rapp against Hall, and before the foreclosure of the appellee's mortgage. And if, prior to said judgment and foreclosure, the appellee had obtained lawful possession of the mortgaged premises after default, Hall himself could not have maintained an action for the recovery of said real estate without paying the amount due on the mortgage. At common law, the mortgagee was entitled to the possession of the mortgaged premises. *Grimes* v. *Doe on Demise,* 8 Blackf. 371, and cases cited.

This is changed in our State by R. S. 1881, section 1086. Burns' Rev. 1894, section 1099.

But this does not change the rule above indicated.

In Boone on Mortgages, section 118, it is said: "It has been held that a mortgagor may maintain ejectment against a mere intruder, although himself in default. And under the peculiar provisions of statute in some of the States a mortgagor is entitled to recover the possession from his mortgagee at any time before his rights have been foreclosed. The possession of a mortgagee, who goes in without the permission of the mortgagor can not be upheld, and the mortgagor may maintain ejectment. The prevailing doctrine however is, that a mortgagor can not maintain ejectment against the mortgagee in possession, or those holding under him, after condition broken; at least not until payment of the debt. And although the mortgagee has received sufficient rents and profits to satisfy the mortgage, the action can not be sustained until an accounting has been had and such rents and profits applied. Nor can a purchaser at a sale on a judgment against the mortgagor recover the possession from the mortgagee in ejectment. The only right the purchaser acquires in such a case is to redeem the premises by paying the mortgage."

In the case of *Cooke* v. *Cooper*, 18 Ore. 142, 7 Lawyers' Rep., Anno., 273, under a statute which provided: "A mortgage of real property shall not be deemed a conveyance, so as to enable the owner of the mortgage to recover possession of the real property without a foreclosure and sale according to law," it was held that "if the mortgagee can obtain possession of the mortgaged premises in any lawful or peaceable mode, that is, without force, he may retain possession of such premises, as against the mortgagor, or any person claiming under him subsequent to the mortgage, until his mortgage debt is paid."

, And, under a similar statute in New York, it was held that "if the mortgagee after forfeiture entered into possession, either by consent of the mortgagor or by means of legal proceedings, he may defend himself there, at least till his debt is paid." *Van Duyne* v. *Thayre*, 14 Wend. 234.

We think the court did not err in its conclusion of law.

The judgment of the lower court is affirmed.

