Pyle v. Peyton.

PYLE v. PEYTON.

[No. 17,871.   Filed October 14, 1896.]

PLEADING.—*Assault and Battery.*—*Answer in Justification of Assault.*—An answer to a complaint for an assault and battery in justification thereof which does not allege any fact necessarily implying that the occurrence alleged in the complaint, and that set up and justified in the answer, were one and the same, is bad.

SAME.—*Practice.*—Facts alleged in one paragraph of a pleading can not be called to the support of another paragraph.

PRACTICE.—*Harmless Error.*—Overruling a demurrer to a bad answer will not be presumed harmless unless the evidence as set out in the record shows that the cause was properly tried and determined upon its merits.

From the Howard Circuit Court. *Reversed.*

*Moon & Wolf*, for appellant.

*J. C. Herron* and *Blacklidge & Shirley*, for appellee.

HACKNEY, J.—The appellant sued the appellee for damages alleged to have been sustained from an assault and battery committed by the appellee upon him "on December 22, 1894." The appellee answered in six paragraphs, the fifth of which was as follows:

"For a fifth paragraph of answer this defendant alleges that on the 23d day of December, 1894, this plaintiff entered the business room of this defendant in a drunken and maudlin condition, and without invitation from the defendant; that immediately after entering said place of business this plaintiff unlawfully commenced breaking and damaging this defendant's property, to-wit: glassware, by breaking said glassware; that said plaintiff further provoked this defendant by his unlawful conduct and threatening gestures and menacing attitude toward this defendant; that this defendant, believing that he would receive great bodily harm at the hands of this plaintiff because of the plaintiff's threatening attitude and the plaintiff's reputation for immorality and viciousness, and being in imminent danger of great bodily harm, immediately struck this plaintiff with a beer glass, but used no more force than was necessary to protect his person from said plaintiff. Defendant says plaintiff ought not to recover because said assault and battery was committed in defense of his person."

To this answer, and others, a demurrer was overruled, and upon a reply in denial there was a trial, verdict and judgment for the appellee.

The only assignment of error is upon the action of the lower court in overruling said demurrer to said fifth paragraph of answer.

One objection urged against this answer is that it does not justify the particular act complained of, and this objection, in our opinion, is fatal. The code, Burns' R. S. 1894, section 350, requires that such pleading shall "clearly refer to the cause of action intended to be answered." The answer in question does not allege any fact necessarily implying that the occurrence, the gist of the complaint, and that set up and justified in the answer were one and the same. The date of the occurrence alleged in the complaint and that alleged in the answer differ and, while the facts alleged in the pleadings respectively might suggest the inference that they were the same, the difference in the dates cannot be disregarded by the court. Nor can it be said that they do not present two distinct occurrences. If there was any connection between the two occurrences the answer should have disclosed it. If they were distinct occurrences there could be no question that the answer was bad, since the conduct of the appellant on the 22d could furnish no legal justification for an assault and battery on the 23d day of December. In pleading justification it should appear by direct averment or by necessary implication from the facts alleged that the acts justified are those complained of. *Gallimore* v. *Ammerman,* 39 Ind. 323; *Young* v. *Warder,* 94 Ind. 357; *Wheeler* v. *Me-shing-go-me-sia,* 30 Ind. 402.

A fact not necessarily implied, although inferable, is not sufficiently alleged by alleging the fact which suggests it. *Brown* v. *Brown,* 133 Ind. 476.

This objection to the pleading the appellee attempts to answer by referring to the allegation of another paragraph that the occurrence was "on or about the 23d of December." We need hardly remind counsel that the facts alleged in one paragraph of a pleading cannot be called to the support of another paragraph.

If this were not so the doubtful allegations of one paragraph might be permitted to control the certain allegations of another.

It is said, also, that the ruling on demurrer was harmless since the cause was properly tried and determined upon its merits, as would appear from the evidence, if the appellant had brought the evidence into the record. Overruling a demurrer to a bad answer is not presumed harmless. *Sims* v. *City of Frankfort*, 79 Ind. 446; *Thompson* v. *Lowe*, 111 Ind. 272; *Scott* v. *Stetler*, 128 Ind. 385; *Over* v. *Shannon*, 75 Ind. 352; *Epperson* v. *Hostetter, Admr.*, 95 Ind. 583.

In Elliott's App. Proced., section 637, it is said, "So, where the record affirmatively shows that no harm resulted from overruling a demurrer to one of several paragraphs of an answer the error will not be deemed prejudicial. But it is to be observed of cases of the class last referred to that the record proper must show that the ruling was harmless, for the court will not search through the evidence for the purpose of ascertaining whether harm did or did not result."

For the error mentioned the judgment of the circuit court is reversed, with instructions to sustain the appellant's demurrer to the appellee's fifth paragraph of answer.