## THE STATE OF INDIANA *v.* HESS.

[No. 21,518. Filed April 28, 1910. Rehearing denied July 1, 1910.]

1. OFFICERS.—*Clerk of Supreme Court.*—*Fees.*—*Collection of, in Official Capacity.*—Under statutes requiring the Clerk of the Supreme Court to tax and collect transcript fees, and costs of notices of appeal (§707 Burns 1908, §665 R. S. 1881) and to issue fee bills therefor (§9610 Burns 1908, §6017 R. S. 1881), such fees are taxed and collected by such clerk in his official capacity. p. 499.

2. OFFICERS.—*Fees.*—*Payment to Successors.*—*Clerk of Supreme Court.*—*Statutes.*—*Ejusdem Generis.*—Under the Act of 1883 (Acts 1883 p. 106, §2021 Burns 1901), the title of which reads: "An act relating to county, state, and other officers, and the payment by them to their successors in office of all moneys in their hands at the expiration of their terms of office, and providing penalties for failure so to do," and the body of such act providing that " it shall be the duty of each clerk, sheriff, and treasurer of the several counties in this State, and every other officer receiving money in his official capacity, at the expiration of his term of office, to pay over to his successor in office all moneys of every description, to whomsoever due, remaining in his hands at the expiration of such term," the Clerk of the Supreme Court is not required to turn over such funds to his successor, the clause "and every other officer receiving money in his official capacity," evidently referring only to county officers. pp. 500, 501.

3. STATUTES. — *Ejusdem Generis.* — *General Words.* — *Extending Statute from Inferiors to Superiors.*—A statute treating of persons of an inferior degree or class cannot, by general words, be extended to those of a superior degree or class. p. 501.

4. CONSTITUTIONAL LAW.—*Ex-Officers.*—*Imposing Duties Upon.*—*Clerk of Supreme Court.*—That part of §9391 Burns 1908, Acts 1907 p. 92, §5, which requires former clerks of the Supreme Court to itemize and pay over to the present clerk all fees collected by them in the course of official duty and not paid to the private owners thereof, is unconstitutional. p. 503.

From the Wabash Circuit Court; *A. H. Plummer,* Judge.

Action by the State of Indiana against Alexander Hess. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*James Bingham,* Attorney-General, *W. H. Thompson, E. M. White* and *A. G. Cavins,* for appellant.

*Sayre & Hunter* and *W. W. Thornton,* for appellee.

MONTGOMERY, J.—This action was brought by the State to recover the sum of $3,653.59, alleged to have been retained by appellee out of fees and costs collected by him as Clerk of the Supreme Court, and for which he failed to account to the present clerk of said court, in accordance with the terms of the act of February 26, 1907 (Acts 1907 p. 92), and for the statutory penalty provided for in said act. Appellee's demurrer to each paragraph of complaint, on the ground that the facts therein alleged were insufficient to constitute a cause of action, was sustained. The State declined to amend and elected to stand upon the sufficiency of its complaint, and final judgment was rendered in favor of appellee.

The sustaining of demurrers to each paragraph of the complaint has been assigned as error.

The first paragraph of complaint alleged the following facts, in substance: In November, 1894, appellee was duly elected Clerk of the Supreme Court, and on November 22 he qualified and entered upon the duties of his office, and continued therein until November 22, 1898, and, by virtue of his office, was during said term also clerk of the Appellate Court. During said term certain causes were appealed to said courts, wherein fees were taxed for costs paid by appellants for the preparation of transcripts of the record in said causes for appeal. Said causes were reversed by said courts, and the fees so taxed were recovered of the appellees and became the property of the appellants in said respective causes. Such fees were legally taxed in each of the cases set out, in both the Supreme and Appellate Courts, to the

aggregate amount of $2,714.90. Fees were earned by sheriffs of the various counties for the service of process in said causes, and taxed and collected in the same manner, during said term, to the aggregate amount of $938.69. Appellee as clerk of said courts, in his official capacity, and by virtue and color of his office and not otherwise, collected and received each and all of the transcript fees and sheriff's fees so taxed in the total sum of $3,653.59. At the expiration of appellee's said term of office he failed, neglected and refused to pay over to his successor in said office any part of said sums of money, but appropriated said fees and costs wholly to his own use and benefit, and still retains and holds them. At no time were the amounts so taxed, collected and received by appellee as such clerk his property, but all said fees and costs were, when so received by him, the property of the persons and officers hereinbefore named, and were property to which the State was lawfully entitled for the use of said persons and officers. More than sixty days have elapsed since February 26, 1907, and after the expiration thereof and before the commencement of this action, the State, by and through the clerk of the Supreme and Appellate Courts and the Attorney-General, acting in their official capacities, demanded of appellee that said several sums of fees and costs be paid to the clerk of said courts, and demanded that appellee make a sworn itemized statement of all such fees and amounts remaining in his hands, collected by him during his said term of office as clerk or under color thereof, and to whom each and all of said fees were due, and to file such sworn statement in the office of the clerk of said courts, and to pay all such fees and amounts over to said clerk. Since February 26, 1907, continuously to the present, appellee has unlawfully held and still unlawfully holds said money, and has wholly failed, neglected and refused to make or file any statement of the moneys so remaining in his hands, collected and received as aforesaid, or to show to whom such fees were due,

and to pay over to such clerk any part of said fees and amounts, and, by reason of the premises, has become liable to the State for a penalty equal to twenty-five per cent of the aggregate sum so unlawfully retained.

The second paragraph of complaint alleges the same facts as the first, and, in addition, alleges that appellee concealed from the State and from the persons entitled to said fees and costs the fact that he had collected and received them. Section five of the act of 1907 (Acts 1907 p. 92, §9391 Burns 1908) upon which this action is founded reads as follows: "The Clerk of the Supreme Court shall tax and charge in favor of the sheriff of the Supreme Court, or in favor of the county sheriffs for their services, as his deputies, the fees and amounts now or hereafter provided by law, which fees and amounts shall not belong to the State of Indiana, but shall be the property of said sheriff and his said deputies, and when collected shall be by said clerk paid over to said sheriff or his said deputies. And such clerk at the expiration of his term shall hand over to his successor in office all of the books, papers, fees, costs, charges and amounts, together with all moneys and other property received by him by virtue of his office, or under color thereof. And any person heretofore elected or appointed clerk of said supreme court, whose term of office as such clerk has expired before the passage of this act, having any such fees in his hands, shall, within sixty days from the taking effect of this act, make a sworn, itemized statement of all such fees and amounts remaining in his hands, by such clerk collected during the term of his office as such clerk, or under color thereof, and to whom due, and file such sworn statement in the office of the Clerk of the Supreme Court of the State of Indiana, and pay all such fees and amounts over to the Clerk of the Supreme Court, and in default thereof, or of any thereof, shall be and become liable to the State for a penalty of twenty-five per cent of such respective amounts so retained by him, and it shall be and become the duty of the Attorney-General to proceed by

appropriate action, or otherwise, to enforce the collection, for the use and benefit of the party entitled thereto, of any and all such amounts so collected and retained by such person, including the penalties aforesaid, against any and all persons liable therefor, and all such unclaimed fees collected under this act from former clerks that have been paid in for two years, and which remain in the office of the Clerk of the Supreme Court of this State for a period of six months uncollected by the person or persons to whom the same is due, and all other unclaimed fees in the hands of the Clerk of the Supreme Court of this State, after the expiration of two years from the date when such fees are paid to said clerk, shall be paid into the state treasury, to be held as other funds that escheat to the State of Indiana: Provided, however, that it shall be the duty of the Clerk of the Supreme Court, when fees are paid into the office of such clerk for the benefit of any other officer or person, to immediately notify such officer or person by mail that such fees are paid into such office, the date of payment and the amount thereof.'' The constitutional validity of this section of the act, so far as it relates to ex-clerks, is challenged on numerous grounds, only a part of which will require consideration.

It is claimed by appellee's counsel, that the fees named were received by appellee as an individual and not as an officer, for the reason that during his official term as 1. clerk there was no statute authorizing him to receive such fees. It is provided by statute that when a judgment is reversed on appeal to the Supreme Court or Appellate Court, appellant shall recover costs in those courts (§706 Burns 1908, §664 R. S. 1881); and that ''the fee paid for procuring the transcript, the costs of serving the notice of appeal, and the printer's fee for publication, are a part of the costs of the Supreme Court.'' §707 Burns 1908, §665 R. S. 1881. These provisions of the statutes have been in force since September 19, 1881. It is further provided by §9610 Burns 1908, §6017 R. S. 1881, that ''the Clerk of the

Supreme Court * * * shall have power, while he is in office, to issue fee bills from the books * * * and the records and papers on file in his office, for services rendered by himself, or for services rendered by any other person in said court, at any time after such services are rendered."

It is made the duty of the Clerk of the Supreme Court to tax all fees and costs for which the plaintiff in an appeal shall be liable in said court, and to issue a fee bill or an execution for the collection of such fees and costs. §9617 Burns 1908, §6024 R. S. 1881. These statutory provisions clearly authorized appellee as clerk of the Supreme and Appellate Courts to tax, collect and receive, as such clerk, the fees for which he is sought to be made accountable in this action.

It is next contended that when appellee's term as clerk expired, there was no law requiring him to pay to his successor in office the fees mentioned in the complaint. In answer to this claim appellant cites the act of March 5, 1883 (Acts 1883 p. 106, §2021 Burns 1901). This act was entitled: "An act relating to county, state, and other officers, and the payment by them to their successors in office of all moneys in their hands at the expiration of their terms of office, and providing penalties for failure so to do." The body of the act reads as follows: "That it shall be the duty of each clerk, sheriff, and treasurer of the several counties in this State, and every other officer receiving money in his official capacity, at the expiration of his term of office, to pay over to his successor in office all moneys of every description, to whomsoever due, remaining in his hands at the expiration of such term, taking the receipt of such successor therefor; and such successor and his sureties shall be liable therefor on his official bond, as if the same had been originally collected by him; and any clerk, treasurer, or sheriff so failing to pay over such moneys, or any successor, or clerk, treasurer or sheriff who shall fail to pay over any moneys to parties entitled to receive the same when called

on to do so, shall be deemed guilty of embezzlement, and, on conviction thereof, shall be fined in any sum not exceeding $1,000, and be imprisoned at hard labor in the state prison not less than one nor more than five years."

The only officers named in this act are the "clerk, sheriff, and treasurer of the several counties," and its penal provisions apply only to these officers. It is the contention of the Attorney-General that the phrase, "and every other officer receiving money in his official capacity," is broad enough to cover and does include the Clerk of the Supreme Court of the State. Except this clause from the statute, and its meaning would be clear and unmistakable. But it is the duty of the courts in construing and applying statutes to assign some meaning to every word and clause thereof, if such meaning can fairly be discerned. The legislative intent in incorporating this clause in that part of the act imposing a duty upon officers receiving money of others, and omitting it from the penal provisions, may be conceded to be doubtful. Appellee's counsel invoke the rule of *ejusdem generis,* and insist that these words, interpreted in the light of that principle, can have no reference to state officers. The enumeration of county clerks, sheriffs and treasurers is followed by the general terms, "and every other officer receiving money in his official capacity;" and, interpreted in the light of the rule mentioned, this general expression must take its meaning from the words with which it is associated, and be held to embrace only persons and officers of the character or class designated by the specific words. Another application of this rule of construction is that a statute which treats of persons of an inferior degree or class cannot, by general words, be extended to those of a superior degree or class. 26 Am. and Eng. Ency. Law (2d ed.) 610.

The general rule was recently announced by this court in a comprehensive way as follows: "The rule undoubtedly is that where words of specific and limited signification in a statute are followed by general

words of more comprehensive import, the general words shall be construed as embracing only such persons, places and things as are of like kind or class to those designated by the specific words, unless a contrary intention is clearly shown by the statute." *Wiggins* v. *State* (1909), 172 Ind. 78. Appellant insists that the body of the act, being of doubtful meaning, must be interpreted in the light of its title, and when so read and construed the expression "other officers" includes state officers. The title of the act purports to bring state officers within its scope, including the imposition of penalties, but we have already shown that the penal provisions are directed only against the three officers named. No material aid can be derived from the history of this enactment, except that it originated from "a bill to amend section nine of an act entitled, 'An act providing for the election of clerks of the circuit court, and prescribing some of their duties, and declaring an emergency,' approved June 7, 1852." Senate Journal 1883 p. 200. At the time this act was passed the State Librarian was required to pay to the State Treasurer all fines and forfeitures collected by him, and his office was covered by a special embezzlement statute. §§5691, 5701 R. S. 1881. The Attorney-General was required to pay to the proper officer, at the end of each month, any moneys collected by him. §5663 R. S. 1881. The State Treasurer's duties were fully prescribed and penalties provided for nonperformance. §§5643, 5647 R. S. 1881.

If the statute under consideration was intended to include state officers, it would operate to amend and repeal some of the existing provisions in a manner not apparently reasonable or likely to have been intended. It is hardly conceivable that the legislature would have begun by naming county officers, and wholly have failed to mention any state officer, if it was the purpose to include the higher officers within the provisions of this act, or that a penalty would have been imposed for an offense by a county officer, and none for a like act by a state officer. We cannot ascribe to the clause, "and

every other officer receiving money in his official capacity,''
the meaning insisted upon by the State, but, in our opinion,
this clause related only to other officers of the class specific-
ally named—that is, other county officers.

It follows that there was no law in force at the expiration
of appellee's term as Clerk of the Supreme Court requiring
him to account for and pay over moneys in his hands to his
successor in that office.

The act under consideration purports to require ex-clerks
of this court to make verified statements of fees and costs
received by them severally and remaining in their
hands, and to pay them to the present clerk. We have
seen that under the law in force during appellee's
term of office no duty of accounting for such moneys to his
successor existed, but he was under an implied obligation to
account for and pay said money to the rightful owner. Such
fees and costs as were uncalled for at the expiration of his
official term remained in his custody under his private con-
trol. His liability to account for such fees and costs to the
several owners thereof was not discharged, but the status of
the fund and of the parties as debtor and creditor became
fixed, and could not thereafter be altered by legislative fiat.

The propriety and good policy of the provisions of the
present statute requiring clerks to account to their successors
for all moneys received under color of their office are beyond
question, and their validity is beyond doubt, so far as they
are prospective in operation. The clerk of this court is a
constitutional officer and his term of office is limited to four
years. If official duties of the character prescribed may be
imposed on appellee after he has been out of office nine years,
such legislation would seem to be without limitation either in
substance or time of enactment, and an ex-officer could never
know when his official accountability to the State would end.
The State had no right, title or interest in or to the moneys
involved after the expiration of appellee's term as clerk, or
power thereafter to exact official duties of him pertaining to

the office which he had occupied. His obligation to account for these fees and costs to the rightful owners was of a personal and private nature, secured by his official bond, and was of a character which the state constitution protects from impairment. Constitution, article 1, §24. The complaint against appellee was insufficient, and his demurrer thereto was rightly sustained.

Judgment affirmed.