## CHICAGO AND ERIE RAILROAD COMPANY *v.* CHANEY.

[No. 7,450. Filed January 26, 1912. Rehearing denied April 3, 1912.]

1. RAILROADS.—*Injury to Animals on Tracks.—Complaint.—Theory.—Allegations.*—To be good on the theory that animals injured on defendant's railroad track entered upon the track at a point where the defendant was required to fence, the complaint should allege that the railroad was not fenced at such point. p. 109.

2. RAILROADS.—*Injury to Animals on Tracks.—Negligent Operation of Train.—Complaint.—Failure to Allege Where Animals Entered on Tracks.*—In an action against a railroad company for injury to a team of horses, a complaint alleging that while said animals were on the defendant's track the defendant so negligently ran and operated its cars and locomotive that the same were run against, upon and over said animals, and that the same were injured without fault of the plaintiff, was insufficient in failing to allege that the animals entered upon the track at a highway or street crossing, or at some point where the law imposed on defendant the duty of giving the statutory signals and otherwise operating its train with care. pp. 109, 111.

3. PLEADING.—*Ambiguities.—Construction.—Demurrer.*—A pleading tested by demurrer, must stand or fall upon its own averments, independent of any apparent strength or weakness given to its theory by other parts of the record, and where doubt, ambiguity or uncertainty arises upon such pleading, the construction to be adopted by the court is that against the pleader. p. 111

4. PLEADING.—*Complaint.—Sufficiency.*—To be sufficient to withstand a demurrer, a complaint should aver every fact essential to the cause of action. p. 111.

5. RAILROADS.—*Injury to Animals.—Negligent Operation of Train.—Complaint.—Causal Connection Between Negligence and Injury.*—In actions to recover for injury to animals caused by the negligent operation of a train, it must appear from the facts directly averred in the complaint, that there was some connection in the way of cause and effect between the acts of negligence complained of and the injury alleged to have resulted therefrom. p. 111.

6. RAILROADS.—*Injury to Animals.—Obstruction of Crossing.—Complaint.—Sufficiency.*—In an action against a railroad com-

pany to recover for injury to animals, where plaintiff alleged tHat defendant negligently and unlawfully allowed a freight train to remain standing across a street without leaving any space across said street, and that by reason thereof plaintiff's horses entered upon the tracks of said railway, and that while they were upon said tracks the defendant negligently ran its train upon and over them, the averments, to make the complaint good on that theory, must be sufficient to show that the obstruction to the street crossing was the cause of the animals being upon the track when they were injured.   p. 112.

7.  APPEAL.—*Overruling Demurrer to Bad Paragraph of Complaint.* —*Verdict.*—Where there was some evidence to support the theory of a bad paragraph of complaint, so that it does not clearly appear that the verdict rests upon a paragraph that was sufficient, the overruling of a demurrer to such bad paragraph is reversible error.   p. 113.

From Starke Circuit Court; *F.-J. Vurpillat,* Judge.

Action by John Chaney against the Chicago and Erie Railroad Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Ulric Z. Wiley, Arthur H. Jones, W. O. Johnson* and *Peters & Peters,* for appellant.

*William J. Reed,* for appellee.

HOTTEL, J.—Suit by appellee against appellant to recover damages for injury to a team of horses, caused by the alleged negligence of appellant.

Issues were joined, and the cause tried by a jury, which returned a general verdict for appellee in the sum of $200, and answers to a series of interrogatories.

Appellant's motions for judgment on the answers to the interrogatories and for a new trial were overruled, and this appeal taken.

Errors presenting the sufficiency of each of the paragraphs of complaint, and the ruling on the motion for new trial, are assigned and relied upon.

The first paragraph of amended complaint, omitting the formal parts, alleges, in substance, that on October 5, 1907, plaintiff was the owner of a team of horses, a buggy and a

set of harness, of the value of $200, which horses were hitched to said buggy, "which animals so hitched as aforesaid, on said day, *on account of the carelessness and negligence of the defendant in the management of its cars went and entered* upon the tracks of said railway, without any fault on the part of this plaintiff. And this plaintiff says that while the said property was on defendant's tracks the defendant so carelessly and negligently ran and operated its cars and locomotive that the same were run against, upon and over the said animals, buggy and harness, whereby and by reason of the same, one of said horses was killed and the other crippled, maimed and injured, and the buggy and harness destroyed in said county, and without any fault of said plaintiff," etc.

The second paragraph avers that defendant had "laid and maintained a main track and a side track over and across Main street in Ora, Starke County, Indiana, over which said locomotive and cars were run. That defendant on said date negligently and unlawfully suffered, permitted and allowed a freight train to remain standing across said Main street without leaving any space across said street, and thereby obstructing the same." Then follows the allegation of ownership of said horses, etc., and that "by reason of said crossing being obstructed, as aforesaid," the horses *went and entered* upon the tracks of said railway, without any fault on the part of appellee; that while said property was on said tracks, "said defendant so carelessly and negligently ran and operated its locomotive and cars, that the same were run upon and over said animals  *  *  *  all in said county, and without any fault of said plaintiff."

The first question presented is the sufficiency of each of these paragraphs of complaint. It will be observed from the allegations of each paragraph that it nowhere appears in either where appellee's team entered on appellant's railroad track. So far as shown by the allegations of the complaint,

it may have wandered on the track through an open, private gate along such railroad.

It is alleged in the first paragraph, in effect, "that said horses so hitched to said buggy on account of the carelessness and negligence of the defendant in the management of its cars *went and entered upon the track of said railway.*" From these allegations it would appear that appellee was possibly relying on the fact that such animals *"went and entered"* on the track at a point where the company was required to fence, and had failed to do so, but if such be the theory of this paragraph, it is clearly bad, because of the failure to aver that the railroad was not fenced at the point where the animals entered. *Louisville, etc., R. Co.* v. *Goodbar* (1885), 102 Ind. 596, 3 N. E. 162; *Louisville, etc., R. Co.* v. *Thomas* (1886), 106 Ind. 10, 5 N. E. 198; *Louisville, etc., R. Co.* v. *Quade* (1883), 91 Ind. 295.

If this paragraph can be said to be good at all, it must be because of the later averments charging that "the defendant so carelessly and negligently ran and operated its cars and locomotive that the same was run against, upon and over the said animals, buggy and harness whereby," etc.

Appellee relies on the case of *Ohio, etc., R. Co.* v. *Craycraft* (1892), 5 Ind. App. 335, 32 N. E. 297, as authority for the sufficiency of the above allegations. That case does not contain the identical allegation of the first paragraph here involved, as counsel for appellee insist, and we think a distinction might be drawn between the charge of negligence in the two cases; but in view of the conclusion reached on the other feature of the case, we deem it unnecessary to dwell on such distinction.

It is sufficient to say in this connection, that the case last cited is authority *only* to the extent of holding that the language of the complaint in that case was "a sufficient allega-

tion of the particular act of negligence complained of.'' The complaint in that case was not objected to on the ground that it did not allege or show where the animals entered the track, and this question was not therefore presented to, or determined by the court.

In view of the allegation of negligence on which this first paragraph in the case at bar proceeds, it becomes important and necessary to show where the animals entered on appellee's track. It would be only in case the animals entered at a highway or street crossing, or at some point where the law imposed on the railroad company the duty of giving the statutory signals, and otherwise operating its train with care, that the negligent operating and running of the train could be said to be such negligence as would furnish the causal relation necessary in such cases between the negligence charged and the resulting injury. If the animals entered the track at a point where appellant owed the duty of fencing, and had failed to fence, the negligent operation of the train would be wholly unimportant, because the sole and only negligence which furnishes the cause of action in such a case is the failure to fence in violation of the statute. On the other hand, if the animals entered the track through some open gate at a private crossing, where the company owed no duty of keeping the same closed, the mere negligent operation of the train would not make appellant liable, because in such case liability exists only where there is an intentional, wilful killing of or injury to such animals.

It seems apparent, therefore, in view of said allegations of negligence, charged by appellee, that it was necessary, in order that he might show the causal relation between such negligence charged and the injury to his animals, that he should have alleged that such animals entered on appellant's tracks at a highway or street crossing, or at some point where they would not be trespassing animals, and where the company owed them the duty of giving signals, and otherwise operating its train with care.

Appellee seems to take it for granted that this first paragraph of complaint shows an entry of said horses on the track at the street crossing, but no such allegation appears in said paragraph, nor does the inference that such is the fact necessarily follow from the other averments.

A pleading tested by demurrer, must stand or fall on its own averments, independent of any apparent strength or weakness given to its theory by other parts of the record, and where doubt, ambiguity or uncertainty arises on such pleading, the construction to be adopted by the court is that against the pleader. *Pittsburgh, etc., R. Co.* v. *Moore* (1899), 152 Ind. 345, 359, 53 N. E. 290, 44 L. R. A. 638; *Cincinnati, etc., R. Co.* v. *Smock* (1893), 133 Ind. 411, 417, 33 N. E. 108; *Shenk* v. *Stahl* (1905), 35 Ind. App. 493, 501, 74 N. E. 538; *Heintz* v. *Mueller* (1898), 19 Ind. App. 240, 248, 49 N. E. 293.

The plaintiff must, in his complaint, to make it sufficient to withstand demurrer, aver every fact essential to his cause of action. *Malott* v. *Sample* (1905), 164 Ind. 645, 651, 74 N. E. 245; *Louisville, etc., R. Co.* v. *Corps* (1890), 124 Ind. 427, 429, 24 N. E. 1046, 8 L. R. A. 636.

In actions of this character, it must appear, from the facts directly averred in such complaint, that there was some connection in the way of cause and effect between the acts of negligence complained of and the injury alleged to have resulted therefrom. *Laporte Carriage Co.* v. *Sullender* (1905), 165 Ind. 290, 300, 75 N. E. 270; *City of Logansport* v. *Kihm* (1902), 159 Ind. 68, 72, 64 N. E. 595, and cases cited; *McElwaine-Richards Co.* v. *Wall* (1902), 159 Ind. 557, 562, 65 N. E. 753; *Davis* v. *Mercer Lumber Co.* (1905), 164 Ind. 413, 425, 73 N. E. 899.

In the case under consideration such causal relation between the negligence charged in said first paragraph of complaint and the injury resulting therefrom could, under the law, be present only in case the appellee's

horses entered defendant's tracks at a street or high-
way crossing, or at some point where said company owed to-
ward such horses the duty of giving the statutory signals,
and otherwise "operating its train with care," and such
averment being absent from this paragraph, it necessarily
follows that the same is not sufficient to withstand a de-
murrer.

What we have said with reference to the first paragraph
applies with equal force to the second, in so far as it pro-
ceeds on the theory that the negligent operation of appel-
lant's locomotive and cars was the proximate cause of the
injury to appellee's property. In fact, if the allegations of
this paragraph be construed most strongly against the plead-
er, as the law requires, the alleged obstruction to the cross-
ing, which by other averments was shown to be a train,
would have prevented the team's getting on the track *at the
crossing.*

There is, however, another element of negligence charged
in this paragraph, which, if properly charged, would make
this paragraph good, viz.: That defendant negli-
gently and unlawfully suffered, permitted and allowed
a freight train to remain standing across said main
street, without leaving any space across said street, and that
by reason thereof the horses "went and entered upon the
tracks of said railway." To make this paragraph good on
this theory, the averments must be sufficient to show that the
obstruction to such crossing was the cause of the horses
being on the track when they were injured, otherwise the
causal connection between the negligence charged and the
injury complained of would not be shown.

If it can be said that the averments of this paragraph are
sufficient to show that the alleged obstruction to the cross-
ing caused the horses then and there to enter on the track,
and while so on the track, as a result of said obstruction,
they were run over by appellant's locomotive and cars, we
think that a causal connection between the obstruction to

Chicago, etc., R. Co. v. Chaney—50 Ind. App. 106.

the crossing and the injury would be shown, and that the paragraph would be good on this theory. To say the least, the language of this paragraph in this respect is open to uncertainty and ambiguity, and in view of the fact that the case must be reversed on the ruling of the court on the first paragraph, we suggest that this paragraph should be made more certain, and proceed on some definite theory.

There was some evidence tending to show a negligent operation by appellant's servants of the train that ran over said animals, in that they failed to blow the whistle 7. for said crossing, and to give the signals required by statute. This court cannot therefore say that the verdict of the jury may not have been predicated on such negligence. The overruling of a demurrer to a bad paragraph of complaint will not be harmless error, unless it clearly appears from the record that the decision of the court or the verdict of the jury rests on a paragraph that is sufficient. *Bradshaw* v. *Van Winkle* (1892), 133 Ind. 134, 32 N. E. 877; *Pyle* v. *Peyton* (1896), 146 Ind. 90, 44 N. E. 925; *Boonville Nat. Bank* v. *Blakey* (1906), 166 Ind. 427, 76 N. E. 529.

The judgment below is therefore reversed, with instructions to the court below to sustain the demurrer to said first paragraph of complaint, with leave to appellee to amend said paragraph, and for such further proceedings as may be consistent with this opinion.

NOTE.—Reported in 97 N. E. 181. See, also, under (1) 33 Cyc. 1262; (2) 33 Cyc. 1265; (3) 31 Cyc. 81, 322; (4) 31 Cyc. 100; (5) 33 Cyc. 1258; (6) 33 Cyc. 1257; (7) 1913 Cyc. Ann. 3372. As to a railroad company's duty to fence in prevention of injury to live stock, see 21 Am. St. 289. On the question of the constitutionality of statutes requiring railroad company to fence tracks and build cattle guards, see 31 L. R. A. (N. S.) 861. As to the measure of care of railroad company to maintain fence once constructed, see 11 L. R. A. (N. S) 228. The question of the liability for injury to stock other than by trains, because of breach of statutory duty to fence, is discussed in 37 L. R. A. (N. S.) 1181.