## YARLOTT v. BROWN.

[No. 24,283. Filed January 30, 1923.]

1. LIMITATION OF ACTIONS.—*Mortgage Containing Promise to Pay.—Action.—When Barred.—Statutes.*—Under §295, cl. 5, Burns 1914, §293, cl. 5, R. S. 1881, providing that actions on promissory notes, bills of exchange and "other written contracts for the payment of money" shall be commenced within ten years, and clause 6 of such statute, providing that actions upon contracts other than those for the payment of money, judgments, etc., shall be commenced within twenty years, the running of the ten-year statute of limitations under clause 5 against a promissory note secured by a mortgage on real estate does not have the effect of barring the rights of the mortgagee under his mortgage and a promise therein to pay the debt evidenced by such note. (*Tenant* v. *Hulet* [1917], 65 Ind. App. 24, disapproved in part.) pp. 650, 653, 655.

2. STATUTES.—*Construction.—General Words Following Specific Words.*—Where words of specific and limited signification in a statute are followed by general words of more comprehensive import, the general words shall be construed to embrace only such things as are of like kind or class with those designated by the specific words, unless a contrary intention is clearly expressed. p. 653.

3. STATUTES.—*Construction by Subsequent Legislation.*—While not conclusive upon the courts, a construction given to a statute by a subsequent legislature is entitled to consideration, and, if doubt and uncertainty exist as to the meaning of language used in a prior statute, such construction may be persuasive of the legislative intent. p. 654.

From Pulaski Circuit Court; *W. C. Pentecost,* Judge.

Action by Mary E. Brown against Charles E. Yarlott. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1394 Burns 1914, Acts 1901 p. 565, §10.) *Reversed.*

*Long & Yarlott,* for appellant.

*Burson & Burson,* for appellee.

EWBANK, J.—Appellee sued to quiet her title to certain lands as against a mortgage held by appellant. Answers were filed, but appellant did not file any cross-complaint for affirmative relief. The action was com-

menced at the February term of court, 1919.  The court made a special finding of facts, on which it stated conclusions of law, and entered a decree in favor of the appellee, quieting her title, as prayed.  Appellant excepted to the conclusions of law, and has assigned error thereon.

The substance of the finding, so far as material to the questions presented for consideration, is as follows:

On September 15, 1903, Isaac Enyart was the owner of the land in question, and was indebted to appellant in the sum of $210, and on that day he gave appellant his note for $210, due in ninety days, and executed a mortgage on the land to secure the note.  This mortgage contained an agreement by the mortgagor, in express terms, to pay the debt thereby secured, with interest and attorney fees.  It was recorded September 17, 1903.  Thereafter, by a series of conveyances, the title to the land passed from the mortgagor to the appellee, to whom the land was conveyed by her immediate grantor by warranty deed, February 27, 1919, and she thereupon took and held possession.  The record in which the mortgage was recorded does not show whether the debt it secures is paid or unpaid, and does not show that it has ever been paid or satisfied.  At the time she purchased the land, appellee knew that the record showed the mortgage to have been recorded, and did not show that it had been paid or otherwise satisfied or released, and she contracted with reference thereto by withholding from the seller $200 of the purchase money, with which to quiet the title to said lands.  Ever since the date of the note and mortgage, appellant has been and still is the owner and holder thereof, a resident of Cass county, Indiana, of full age, and under no disability.  Upon these facts the court stated conclusions of law to the effect that the note and the agreement in the mortgage to pay the debt were barred by the ten-year

statute of limitations, that said mortgage was no longer a lien or encumbrance on said real estate, and that appellee's title thereto should be quieted.

The only question for decision is whether or not the running of the ten-year statute of limitations (§295, cl. 5, Burns 1914, §293, cl. 5, R. S. 1881) against the promissory note had the effect of barring all rights of appellant under his mortgage and the promise therein to pay the debt evidenced by such note.

Whether the period of limitation is ten years or twenty years depends upon the construction of the fifth and sixth clauses of the statute cited below, which, so far as it relates to the matters under consideration, reads as follows: "The following actions shall be commenced within the periods herein prescribed, after the cause of action has accrued, and not afterward: * * * *Fifth.* Upon promissory notes, bills of exchange and other written contracts for the payment of money, hereafter executed, within ten years. * * * *Sixth.* Upon contracts in writing other than those for the payment of money, on judgments of courts of record, and for the recovery of the possession of real estate, within twenty years." §295 Burns 1914, §293 R. S. 1881.

This statute was enacted in 1881. For more than thirty years prior to that time the statutes had provided that actions on contracts in writing of whatever character might be commenced at any time within twenty years. 2 R. S. 1852, p. 75, §211; R. S. 1843, p. 686, 687, §§101, 107. And while those statutes were in force, together with a statute which required all actions on accounts and on contracts not in writing to be commenced within six years, this court repeatedly held that where a mortgage containing a promise to pay the debt secured was given to indemnify the mortgagee for payments which he afterward made on the mortgagor's be-

half, the lapse of six years would not bar an action to foreclose the mortgage, because the action was on the mortgage and not on an account for the money paid. *Catterlin* v. *Armstrong* (1881), 79 Ind. 514, 526; *Aetna Life Ins. Co.* v. *Finch* (1882), 84 Ind. 301, 307; *Leonard* v. *Binford, Admr.* (1890), 122 Ind. 200, 202, 23 N. E. 704.

And during all that time other statutes were also in force, as they now are, which provide that unless a mortgage on real estate shall provide specially that the mortgage shall have possession of the mortgaged premises, he shall not be entitled to possession. §1133 Burns 1914, §1089 R. S. 1881; 2 R. S. 1852, p. 239, §4; *Baldwin* v. *Moroney* (1910), 173 Ind. 574, 582, 91 N. E. 3, 30 L. R. A. (N. S.) 761. But where the mortgage does provide specially that the mortgagee shall have possession he may enforce that right by an action "for the possession of real estate." *Jewett* v. *Tomlinson* (1894), 137 Ind. 326, 331, 36 N. E. 1106; *Doe* v. *Mace* (1843), 7 Blackf. 2; *Grimes* v. *Doe* (1847), 8 Blackf. 371; 27 Cyc 1234, 1240. And if the mortgagee is lawfully in possession under his mortgage, whether pursuant to an express stipulation in the mortgage, or because of having entered into possession under an agreement with the owner after condition broken, the mere circumstance that the debt secured and the right to maintain an action to foreclose have been barred by statutes of limitations will not enable the mortgagor to quiet his title to the real estate or recover possession of it, if in fact the mortgage has not been paid or otherwise satisfied. *Jewett* v. *Tomlinson, supra; Parker* v. *Hubble* (1881), 75 Ind. 580, 584; 19 R. C. L. 330, §105; 1 Jones, Mortgages (7th ed.) §339; 2 Jones, Mortgages (7th ed.) §§715, 716.

If the mortgagee has been given possession under his mortgage and the mortgage debt is afterward dis-

charged, whether by the rents and profits or otherwise, the mortgagor or his grantee may recover in an action for possession of the land. *Schenck* v. *Kelly* (1882), 88 Ind. 444, 446, 447.

A general statute which has been held to govern in actions to redeem lands from a mortgage under which the mortgagee holds possession, or to quiet title against such a mortgage after the rents and profits received by the mortgagee in possession shall have satisfied the debt, permits such actions to be commenced within fifteen years. §296 Burns 1914, §294 R. S. 1881; *Turpie* v. *Lowe* (1902), 158 Ind. 314, 317, 318, 62 N. E. 484, 92 Am. St. 310; *Sinclair* v. *Gunzenhauser* (1912), 179 Ind. 78, 125, 98 N. E. 37, 54, 100 N. E. 376; *Irey* v. *Markey* (1892), 132 Ind. 546, 548, 32 N. E. 309; *Bradshaw* v. *Van Winkle* (1892), 133 Ind. 134, 135, 32 N. E. 877.

The question presented for decision has never before been considered by the Supreme Court. The Appellate Court considered it in the case cited below, and reached the conclusion that the ten-year statute was a bar to an action on the mortgage as well as the note, which conclusion was summed up as follows: "In the instant case, however, the promise to pay, whether in the note, or in the mortgage given to secure the debt evidenced by such note or mortgage, is controlled by the same statute. Such promise is, in either event, a promise in writing and hence a promise in writing for the payment of money, to which the fifth subdivision of §295, *supra*, is applicable." *Tennant* v. *Hulet* (1917), 65 Ind. App. 24, 34, 116 N. E. 748, 751.

This proposition is challenged by appellant, who insists that a mortgage on lands is one of the "contracts in writing, other than for the payment of money" referred to in the sixth clause of the statute, on which a right of action is not barred until the lapse of twenty years.

It is obvious, from the authorities cited above, that a

mortgage differs in essential particulars from a promissory note, bill of exchange, or other written contract for the payment of money of the same kind as notes and bills. On the other hand, many actions which may be brought on such a mortgage bear a close resemblance to actions for the collection of judgments of courts of record, which are liens on real estate, or to actions for the recovery of possession of real estate.

A familiar rule of statutory construction is that, where words of specific and limited signification in a statute are followed by general words of more 2. comprehensive import, the general words shall be construed to embrace only such things as are of like kind or class with those designated by the specific words, unless a contrary intention is clearly expressed in the statute. *State* v. *Wiggam* (1918), 187 Ind. 159, 162, 118 N. E. 684; *State* v. *Hess* (1910), 174 Ind. 495, 501, 91 N. E. 732; *Wiggins* v. *State* (1909), 172 Ind. 78, 80, 87 N. E. 718, and cases there cited.

When the language of the statute under consideration is tested by this rule it becomes obvious that the "other written contracts for the payment of money" re- 1. ferred to in the fifth clause, after mentioning promissory notes and bills of exchange, include drafts, letters of credit, checks, acceptances, duebills, bonds, and all personal obligations which merely bind the maker to pay money, of the same general character as promissory notes and bills of exchange; but that the words are not used in their most comprehensive sense.

For a judgment evidences a contract obligation to pay money, no less than a promissory note or bill of exchange, and has been termed "a contract of the highest character, being established by the judgment of a court of judicature." Blackstone's Comm. Book 2, 465; book 3, 159, 160; *Burnes* v. *Simpson* (1872), 9 Kans. 658, 664, 665; *Henry* v. *Henry* (1858), 11 Ind. 236, 71 Am.

Dec. 354; *Kimball* v. *Whitney* (1860), 15 Ind. 280, 282. But the context- of this statute clearly shows that the expression "other written contracts for the payment of money" does not embrace judgments, to which the twenty year limitation is made applicable in express terms. *Burnes* v. *Simpson, supra.*

A contract for the sale of lands for a price to be paid by installments, fixing the rights and duties of each party pending such payment, and binding the seller to convey upon a contingency therein stated, but reserving to him the right to retake possession upon failure of the purchaser to perform, includes a contract for the payment of money, within the broadest meaning of that expression. But if the purchaser should forfeit or otherwise lose his right of possession before he had paid all of the purchase money, the reserved right to recover possession of the real estate by bringing an action within twenty years, under the sixth subdivision of the statute (§295 Burns 1914, §293 R. S. 1881), could not be defeated by the fact that the contract also contained a personal promise to pay the purchase money. And it has been expressly held that an action for specific performance of a contract to convey real estate to a purchaser who was given possession is barred only by the fifteen-year statute (§296 Burns 1914, §294 R. S. 1881), even though the contract is not in writing. *Martin* v. *Martin* (1889), 118 Ind. 227, 231, 20 N. E. 763; *Horner* v. *McConnell* (1902), 158 Ind. 280, 287, 63 N. E. 472; *Horner* v. *Clark* (1901), 27 Ind. App. 6, 14, 60 N. E. 732.

While not conclusive on the courts, a construction given to the statute by a subsequent legislature is entitled to consideration, and, if doubt and uncertainty exist as to the meaning of language used in the first statute, such construction given by a later statute may be persuasive of the legislative intent.

*Middleton* v. *Greeson, Trustee* (1886), 106 Ind. 18, 28, 5 N. E. 755; *Ex parte Brown* (1906), 166 Ind. 593, 608, 609, 78 N. E. 553; *Taylor* v. *State, ex rel.* (1907), 168 Ind. 294, 297, 298, 80 N. E. 849.

In 1909, the legislature enacted a statute, as follows: "That no action shall be brought * * * to foreclose or enforce the lien of any mortgage on real estate in this state when the last installment of the debt secured by such mortgage as shown by the record thereof has been due more than twenty years. If the record of any mortgage does not show when the debt thereby secured becomes due, then no action shall hereafter be brought or maintained to foreclose or enforce the lien of such mortgage after twenty years from the date of such mortgage.

"The lien of all mortgages upon real estate in this state shall cease and expire twenty years from the time the last installment of the debt secured by such mortgage becomes due as shown by the record thereof. If the record of such mortgage does not show when the debt thereby secured becomes due, the lien of such mortgage upon the real estate therein described shall cease and expire twenty years from the date of such mortgage." §§308a, 308b Burns 1914, Acts 1909 p. 334, §§1, 2.

Other sections of the act relate to mechanic's liens, and liens for municipal assessments for streets, sidewalks, ditches and other public improvements, and make the facts shown by the record conclusive as to when a cause of action accrues and the statutes of limitations begin to run, but do not change the time within which an action of either kind may be commenced after the right of action shall accrue, as fixed by statutes previously in force. §308c *et seq.* Burns 1914, Acts 1909 p. 334; §8299 Burns 1914, Acts 1909 p. 295, §6; §8721 Burns 1914, Acts 1909 p. 412. Obviously the legisla-

ture, when considering and enacting that statute, construed the one under consideration as limiting to twenty years the time for commencing an action on a mortgage.

For the reasons stated above, we are convinced that such is the correct construction. The language above quoted from *Tennant* v. *Hulet, supra,* is disapproved.

The judgment is reversed, with directions to restate the conclusions of law to the effect that the plaintiff is not entitled to recover anything in this action, and to render judgment accordingly.

Travis, C. J., dissents.