PITTSBURGH, CHICAGO, CINCINNATI AND ST. LOUIS RAILWAY COMPANY *v.* IRETON.

[No. 10,247. Filed February 27, 1920. Rehearing denied June 17, 1920.]

1. MASTER AND SERVANT.—*Federal Employers' Liability Act.— Actions Under Law Governing.*—An action in a state court under the Federal Employers' Liability Act (§8657 *et seq.* U. S. Comp. Stat. 1916), is governed, as to matters of substantive law, by that act and the decisions of the federal courts applicable thereto, but as to matters of procedure it is governed by the law of the forum. p. 453.

2. COURTS.—*Jurisdiction.—Objections.—Time for Making.*—An objection to the jurisdiction of the court over the subject of the action may be made at any stage of the proceeding and will not be ignored because not presented in a particular form and manner. p. 453.

3. LIMITATION OF ACTIONS.—*Waiver.*—*Failure to Plead.*—In an action under the Federal Employers' Liability Act (§8657 *et seq.* U. S. Comp. Stat. 1916), where the trial court had jurisdiction of the subject, the objection that the action was not instituted within two years after the cause of action accrued, as required by §6 of the act, was waived by failure to plead the statutory limitation. p. 453.

4. MASTER AND SERVANT.—*Safe Appliance for Workmen.*—*Master's Duty.*—Generally it is the duty of the master to exercise due care to provide reasonably safe appliances for the use of his employes. p. 453.

5. MASTER AND SERVANT.—*Injuries to Servant.*—*Actions.*—*Jury Questions.*—*Negligence.*—*Assumption of Risk.*—In an action by an experienced mechanic under the Federal Employers' Liability Act (§8657 *et seq.* U. S. Comp. Stat. 1916), to recover for personal injuries due to a defective ladder furnished by the master, whether plaintiff assumed the risk of injury from the ladder and whether the master was required to inspect it, *held* questions for the jury. p. 453.

6. APPEAL.—*Review.*—*Instructions.*—*Absence of Evidence From Brief.*—It will be assumed on appeal that the instructions given are applicable to the evidence, where the testimony of only two of twelve witnesses is contained in appellant's brief. p. 454.

From Randolph Circuit Court; *Theodore Shockney,* Judge.

Action by Albert Ireton against the Pittsburgh, Chicago, Cincinnati and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*John L. Rupe, Walter G. Butler* and *Focht & Hutchins,* for appellant.

*Gath Freeman* and *Ray K. Shively,* for appellee.

Statement by DAUSMAN, J.—This action was instituted by appellee against appellant to recover damages for personal injuries. So much of the complaint as is necessary to an understanding of the questions presented is as follows: "Defendant is a common carrier by rail, engaged in interstate commerce, and maintains a switch yard at Richmond, Indiana. Certain tracks in said yard are known as repair tracks, on which defend-

ant places cars for the purpose of having them repaired by its workmen. On Feb. 6, 1914, plaintiff was in the employ of defendant as a car repairman. On said day the defendant had a certain freight car upon said repair track to be repaired. Said freight car was loaded with rolls of fence wire and was then and there being used by the defendant in interstate commerce. The defendant ordered and directed the plaintiff to move the rolls of fence wire back from the door of the car and to place and fasten boards across the doorway to keep the wire from pressing against the door, and ordered and directed the plaintiff to do other work in the repairing of said freight car. In the work of moving the wire back, in order that the boards might be placed and fastened across the doorway, and in the work of repairing the car, as aforesaid, the plaintiff was engaged in interstate commerce.

"For the purpose of repairing cars the defendant furnished and provided the plaintiff, and other employes of defendant, with a certain four-sided wooden ladder, which was constructed of four upright pieces, forming the corners thereof and held together by means of strips of wood nailed or fastened to said upright pieces on all sides of said ladder from the bottom to the top, the strips being from ten to twenty inches apart. On said day said ladder was, and for a long time prior thereto had been, in a loose, rickety and defective condition. The defective condition of the ladder was well known to the defendant, and had been known to the defendant long enough to have been repaired. The plaintiff had not worked with said ladder before and did not know, and had no means of knowing, the loose, rickety and defective condition of the ladder at the time he received his injuries. Notwithstanding the defective condition of the ladder, and with knowledge of its condition as aforesaid, and in a careless and negligent disregard

thereof, the defendant carelessly and negligently furnished and provided the plaintiff with said ladder as one of the appliances and implements with which he was then and there required to work, and which he was required to use in connection with the repairing of said car, as it was his duty then and there to do.

"It was necessary for plaintiff to use said ladder in the repair of said freight car, and pursuant to his duty as such car repairman, he and another employe of the defendant, about to begin work in the repair of said freight car, placed the ladder at the side of the freight car; and the plaintiff and said other employe climbed up said ladder for the purpose of making said repairs. Shortly afterward plaintiff started to climb down the ladder to the ground; and thereupon, by reason of the loose, rickety and defective condition of said ladder, it began to shake, wabble and career to such an extent that the plaintiff thereby and by reason thereof was caused to lose his foothold upon said ladder, and thereby and solely by reason thereof was thrown to the ground with great force and violence and was thereby greatly bruised and injured, his coccyx was thereby and by reason thereof fractured, and broken from the sacrum."

The original complaint, on the theory of negligence at common law, was filed October 4, 1915. On April 20, 1916, appellee filed a second paragraph of complaint under the federal Employers' Liability Act. The first paragraph of complaint was dismissed and the cause was tried on the second paragraph alone, the issue thereon having been formed by the general denial. Verdict and judgment for $800.

Appellant presents, independently of any assignment of error, the contention that the court has no jurisdiction over the subject for the reason that the action was not commenced within two years from the date of the accident.

DAUSMAN, J., delivered the opinion of the court:

This action is within the statute commonly known as the Federal Employers' Liability Act. §8657 et seq. U. S. Comp. Stat. 1916, 35 Stat. at L. 65 et seq.

1. As to all matters of substantive law the action is governed by that act and the decisions of the federal courts applicable thereto; but the procedure is that of the forum. Pennsylvania Co. v. Stalker, Admx. (1918), 67 Ind. App. 329, 119 N. E. 163.

Section 6 of said act provides that "no action shall be maintained under this act unless commenced within two years from the day the cause of action accrued."

2. Appellant contends that this provision is jurisdictional and that the court had no power to try and determine the case, because the second paragraph of complaint was not filed within two years after the cause of action accrued. An objection to the jurisdiction of the court over the subject may be made at any stage of the proceeding and will not be ignored because not presented in a particular form and manner. Elliott, App. Proc. §470. But appellant's contention

3. cannot be sustained. The trial court had jurisdiction of the subject and the statutory limitation was waived by appellant's failure to plead it. Burnet v. Desmornes (1912), 226 U. S. 145, 33 Sup. Ct. 63, 57 L. Ed. 159. See Elliott, App. Proc. §§501, 776.

The general rule is that it is the duty of a railway company to exercise due care to provide reasonably safe appliances for the use of the workmen in its em-

4. ploy. Choctaw, etc., R. Co. v. McDade (1903), 191 U. S. 64, 24 Sup. Ct. 24, 48 L. Ed. 96. It is urged, however, that appellant did not furnish

5. the ladder—in the sense that it did not give any specific direction that this particular ladder should be used; that the workman voluntarily took one of several ladders, all of which were of the same style,

and which appellant kept in the yard for the use of the workmen, but which were not intended for the particular use to which this one was put on that occasion; that the ladder was such a simple appliance that appellant was under no obligation to inspect it, especially in view of the fact that appellee was an experienced mechanic; and that, if appellee did not observe the defective condition of the ladder, he assumed the risk. In the circumstances of this case all these matters were properly submitted to the jury. *Choctaw, etc., R. Co.* v. *McDade,* above; *Pennsylvania Co.* v. *Stalker, Admx.,* above.

The instructions are not *prima facie* harmful to appellant, and we assume they are applicable to the evidence, since the testimonies of but two of the twelve witnesses are contained in the brief. *State, ex rel.* v. *Stevens* (1918), 69 Ind. App. 137, 121 N. E. 371.

Judgment affirmed.