PRINCETON TELEPHONE COMPANY *v.* RUNCIE ET AL.

[No. 12,469.   Filed April 22, 1926.]

1. PLEADING.—*Exhibit which is not foundation of pleading, to which it is attached not considered in ruling on demurrer to pleading, but is disregarded.*—Where an exhibit is not the foundation of the pleading to which it is attached, it is not considered in ruling on a demurrer to the pleading, but must be disregarded unless the contents of such instrument appear in the body of the pleading. p. 490.

2. PLEADING.—*Complaint not good on theory, on which it was drawn is insufficient on a demurrer.*—A complaint must be good on the theory on which it was drawn, and, unless it is, a demurrer thereto should be sustained. p. 490.

3. TELEGRAPHS AND TELEPHONES.—*Complaint alleging, defendant's possession of plant under a lease, held insufficient on demurrer.*—A complaint to recover possession of a telephone plant on the theory that it, together with the telephone system with all its appliances, was leased to the defendant for a term of years and that the term had expired, *held* insufficient on demurrer when the alleged lease set out in the complaint did not provide for the defendant's possession of any property except plaintiff's switchboard, which was to be "loaned" to the defendant. p. 490.

4. TELEGRAPHS AND TELEPHONES.—*Lender's remedy on expiration of contract for loan of telephone switchboard and attachments is in replevin.*—Where an agreement between two telephone companies provided for the loan of a switchboard and attachments by one to the other, the lender's remedy, on expiration of the contract, is in replevin, and not against the other company as a tenant holding over. p. 490.

From Posey Circuit Court; *Herdis F. Clements,* Judge.

Action by Charles B. Runcie and others as representatives of the Fort Branch Telephone Association against the Princeton Telephone Company. From a judgment for plaintiffs, the defendant appeals. *Reversed.* By the court in banc.

*Sanford Trippet* and *William Espenscheid,* for appellant.

*Duncan & Duncan,* for appellees.

NICHOLS, C. J.—Action by appellees, twenty-five in number, members of a voluntary, unincorporated association, known as the "Fort Branch Telephone Association," against appellant, to recover the possession of a certain telephone system and plant at the town of Fort Branch, Indiana.

The first and second paragraphs of complaint went out on demurrer and therefore they are not set forth herein.

The third paragraph of complaint avers, in substance, that each one of appellees is a member of the Fort Branch Telephone Association; that the members of said association were numerous on March 22, 1904, and are so at the present time, and have been numerous at all times between said date and the commencement of this action, and that it is impracticable to bring them all before the court; that, for this reason, appellees sue for the benefit of the whole membership of said association, which was, and at all times has been, a voluntary, unincorporated association, organized for the purpose of owning, maintaining and operating a switchboard with telephone lines entering therein, including telephone boxes thereon and all the necessary equipment pertaining to a local telephone system, in said town of Fort Branch.

That said association was organized on or about February 1, 1889, and that, on February 13, 1904, it had in operation in said town a switchboard, poles, lines, telephone boxes, and all other things pertaining to, and necessary for, a complete telephone system; that at said date it was operating under a franchise granted to it by said town.

That appellant is a corporation engaged in the oper-

ation of a telephone plant in the city of Princeton, Indiana, in the town of Oakland City, and in said town of Fort Branch.

That on March 22, 1904, the association, by lease in writing, leased to appellant its franchise, rights-of-way, telephone poles and telephone system in said town of Fort Branch, for a term of 18 years. That said lease was as follows:

"AGREEMENT between the Fort Branch Telephone Association and the Princeton Independent Telephone Company of Princeton, Indiana.

"(1)    The Fort Branch Telephone Association is to maintain its organization.

"(2)    The Independent Telephone Company of Princeton is to establish and maintain a telephone exchange within the corporate limits of Fort Branch.

"(3)    The switchboard of the Fort Branch Telephone Association, including the attachments thereon, are to be loaned to the said Independent Telephone Company, but the ownership of property is to remain as it now is, and all the expense in keeping the property in good repair, is to be paid by the Independent Telephone Company of Princeton.

"(4)    The owners of telephone boxes on all country lines, except business men, are to pay an exchange fee of $2 a year and are to have free exchange service on all of the lines of the Independent Telephone Company.

"(5)    The owners of telephone boxes on lines wholly within the corporate limits of Fort Branch, including business men on country lines, are to pay such exchange fees as may be agreed upon by the parties interested.

"(6)    This agreement is to take effect the 1st day of April, 1904, and is to continue in full force for a period of 18 years."

That said tenancy expired on March 22, 1922. That ever since the expiration thereof, appellees have been,

and now are, entitled to the possession of said leased property and appellant unlawfully holds over and detains the possession thereof from appellees, whereby they have been damaged in the sum $500.

That prior to April, 1922, the parties hereto were endeavoring to adjust the rights of each as they should or would be at the expiration of the contract herein set forth; and prior to April 1, 1922, it was agreed to by appellees and appellant that delay in the bringing of this action should not be deemed a renewal of said term, but that, when such action was instituted, the rights of the parties hereto should be determined as if such action had been instituted on April 2, 1922. There was a demand for judgment for the possession of said property and for $500 damages.

Appellant's demurrer to the third paragraph of complaint for want of facts was overruled, and, after issues joined, a trial resulted in a judgment of recovery for appellees.

It is to be observed that the complaint avers that the Fort Branch Telephone Association leased to appellant its franchise, rights of way, telephone poles, and telephone system in the town of Fort Branch by a written lease "in words and figures following, to wit:" after which appears a verbatim copy of the agreement as above set out. It then avers that the tenancy expired on March 22, 1922, since which time, appellees have been entitled to the possession of the leased property and that appellant unlawfully holds over and detains the possession thereof. It is clear that the theory of this complaint is that the relation of landlord and tenant existed between appellant and appellees' association and that appellees, on behalf of their association, as the landlord, were seeking to recover the possession of said property from appellant as a tenant holding over.

We are not unmindful of the rule that where an ex-

hibit is not the foundation of the action, it may not be referred to for the purpose of controlling the averments of the complaint. It must be disregarded unless the contents of such instrument appear in the body of the complaint. *State, ex rel.*, v. *Hauser* (1878), 63 Ind. 155, 172. But here appellees have chosen to set out their alleged lease in the body of their complaint, and it clearly appears on the face of the complaint, which includes the agreement or alleged lease between appellant and appellees' association, that there was no written lease between them. There is no reference in the instrument which appears in the body of the complaint to a franchise, right of way, telephone poles, or telephone system. The only reference in such agreement to any change of possession of any property is found in the third provision thereof by which it appears that the association loaned its switchboard to appellant. The averments of the complaint, including this agreement in the body of it, do not sustain appellees' theory of the relation of landlord and tenant existing between appellees' association and appellant, and their right to recover against appellant as a tenant holding over, and by reason of such relation. It is a well-established rule of law that a complaint must be good upon the theory upon which it is drawn, and unless it is a demurrer thereto should be sustained. *Terre Haute, etc., R. Co.* v. *McCorkle* (1895), 140 Ind. 613, 622, 40 N. E. 62; *Cleveland, etc., R. Co.* v. *Dugan* (1898), 18 Ind. App. 435, 438, 48 N. E. 238.

All that could be recovered under the facts of this case as revealed by the complaint, aside from the conclusions of the pleader, would be the switchboard, together with attachments thereon, which, standing alone, was personal property, and the action to recover the same must be in replevin rather than against appellant as a tenant holding over. We are

clear that the complaint does not state a cause of action upon the theory upon which it was brought.

Judgment reversed, with instruction to the trial court to sustain the demurrer to appellees' third paragraph of complaint.