## VUCKIS v. TERRY.

[No. 14,483.  Filed November 18, 1932.  Rehearing denied February 2, 1933.  Transfer denied February 16, 1934.]

*D. D. Nemeth, John Degman,* and *Shively & Arnold,* for appellant.

*Parker, Grabill, Crumpacker & May, Woodson S. Carlisle,* and *Geoerge N. Beamer,* for appellee.

KIME, P. J.—Appellant (plaintiff below) sued the appellee for damages for personal injuries received by her when she tripped over an iron pipe which projected approximately four inches above the ground in a so-called terrace, or grass plot, between the sidewalk and curb, abutting a vacant lot owned by appellee in the city of South Bend, Indiana. The complaint alleged negligence of the appellee in the creation and maintainance of a nuisance in violation of an ordinance of such city.

A demurrer to appellant's complaint was sustained. The appellant refused to plead further and the trial court entered judgment for the appellee, and that plaintiff take nothing by her suit.

The error assigned relates to the action of the trial court in sustaining the appellee's demurrer.

The demurrer of appellant to appellee's complaint, which was in one paragraph, questions the sufficiency of the facts to constitute a cause of action. The complaint, at its outset, alleges the location of the lot in question, its ownership by appellee, that same was within the corporate limits of the city of South Bend, Indiana, and that at all times therein mentioned there was in full force and effect in said city an ordinance, the title of which is as follows:

"An ordinance protecting the public .health, providing for the cutting of weeds and disposal thereof, declaring nuisances and providing for their abatement, and matters relating thereto." The complaint then proceeds to set out in their entirety the several sections of said ordinance, not all of which we deem necessary to set out in this opinion. Section 2 says: "It shall be the duty of every owner of real estate, within the corporate limits of said city of South Bend, State of

Indiana, to cut and haul away all weeds or other rank vegetation growing upon his premises, or to cause same to be done." Following is the latter part of the complaint: "Plaintiff further says that immediately in front of said lot and upon the same, and between that portion thereof devoted to sidewalk and that portion thereof devoted to curb, and within said South Michigan Street, the defendant maintained a terrace on the 17th day of June, 1929, which defendant carelessly and negligently, and in violation of said ordinance permitted to grow rank with weeds, tall grass, and other vegetation and notwithstanding the defendant had then and there upon said terraced portion of said lot a projecting iron pipe projecting from the surface of the ground approximately four inches, and totally obscured by said weeds, vegetation and rank growth, and except for said weeds, vegetation and rank growth of grass maintained and permitted by the defendant as aforesaid, the said iron pipe and the projection thereof would have been visible to persons and pedestrians passing over and along said sidewalk and onto the said street from said sidewalk and from said street to said sidewalk, and thereby could have avoided contact with said projecting iron pipe; but the defendant, in disregard of her duties under the ordinance aforesaid, carelessly, negligently and unlawfully permitted the said weeds, and vegetation to grow rank and obscure the said pipe upon said terrace, and the plaintiff, on the 17th day of June, 1929, in passing from said street to said sidewalk, over said terrace, and ignorant of the fact that hidden among said weeds and rank growth was said projecting pipe, did come in contact therewith and tripped thereon and fell and injured herself about the body, face and arms and particularly her feet, toes and lower part of her limbs were bruised, etc., etc."

As we view the complaint, its principal theory is for damages caused by appellee's negligence in permitting the terrace or grass plot abutting her vacant lot to become rank with weeds, tall grass and other vegetation, contrary to an ordinance of the city of South Bend, and thereby obscuring the iron pipe described therein. As regards the iron pipe, there is no allegation in the complaint showing the nature or purpose of said pipe or that its presence there was unnecessary or unlawful. In the absence of such an allegation it must be presumed that the pipe was lawfully there, as, where doubt arises upon a pleading, the construction to be adopted by the court is that against the pleader. *Chicago, etc., R. Co.* v. *Chaney* (1911), 50 Ind. App. 106, 97 N. E. 181. With respect to the presence of the weeds in the grass plot contrary to the city ordinance forbidding same, and the violation of which ordinance appears, in our opinion, to be the most prominent and leading allegation in appellant's complaint, it is our conclusion that appellant's injuries were not of the type or character contemplated by the above mentioned ordinance. The ordinance in question, as heretofore stated, was set out in its entirety in appellant's complaint. Sec. 302 is headed "Permitting Insanitary Conditions," sec. 303, "Weeds," and sec. 305 "Board of Health—Sanitary Survey." We believe the ordinance clearly shows that it was passed for the protection of public health, decency, and for aesthetic purposes. We therefore hold that the injury suffered by appellant was not proximately within the purpose or protection of the ordinance, and neither did the injury complained of fall within the category of those injuries against which the ordinance sought to guard. *Indiana & Chicago Coal Co.* v. *Neal* (1906), 166 Ind. 458, 77 N. E. 850; *The Cleveland, Columbus, Cincinnati & Indianapolis Ry. Co.* v. *Wynant* (1887), 114 Ind. 525, 17 N. E.

118; *Denton* v. *Missouri K. & T. R. Co.* (1913), 90 Kan. 51, 133 Pac. 558.

Appellant urgently insists that the gravamen of her complaint was the allegation of "a pipe projecting above the surface of the ground in a public highway and obscured by weeds, vegetation, and rank growth, there maintained by appellee." With this we do not agree. The most prominent allegations and leading averments of the complaint are those pertaining to appellee's failure to cut the weeds on her premises as provided by ordinance, and should we, for the purpose of expediency, concede that appellant's complaint embodies also the theory of nuisance as she contends, we would still be constrained to uphold the ruling of the trial court on appellee's demurrer for the reason that the complaint would then embody two distinct theories, and it is a well settled rule that no more than one theory can be pleaded in a single paragraph. It is also just as well established that the complaint must be good upon the theory upon which it is drawn, and unless it is a demurrer thereto should be sustained. *Princeton Telephone Co.* v. *Runcie et al.* (1926), 84 Ind. App. 486, 151 N. E. 431; *Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.* v. *Dugan* (1898), 18 Ind. App. 435, 48 N. E. 238. We have encountered no difficulty in determining which of the two theories prevail, as there are numerous cases holding that a complaint may be construed as proceeding on the theory most clearly authorized by the facts pleaded and leading averments, i. e., by the general tenor and character of the pleading. *Clark* v. *City of Huntington* (1920), 74 Ind. App. 437, 127 N. E. 301 and cases there cited.

Having failed to establish a right of recovery upon the theory adopted, the appellant must fail in her action.

We conclude, therefore, that the trial court did not err in sustaining appellee's demurrer to the complaint.
Judgment affirmed.